LOUIS D. JOHNSON ET AL. v. CINCINNATI.

NOTICE OF IMPROVEMENT UPON LIFE TENANT OF PROPERTY SOLD FOR TAXES ON DAY OF SALE HELD VALID.

Ownership of property acquired at judicial sale does not vest in the purchaser until judicial confirmation thereof. Hence, service of notice of a proposed street improvement upon the owner of a life estate on the day the property was sold for taxes and two days before the sale was confirmed, is upon the proper person, within the meaning of Secs. 2268, 2304 (Lan. 3603, 3650; B. 1536-212, 1536-258) Rev. Stat. and an assessment thereafter levied upon the property is not rendered invalid for want of sufficient notice thereof.

[Syllabus approved by the court.]

APPEAL from Hamilton court of insolvency.

**W. F. Chambers,** for plaintiffs.

**C. F. Hornberger,** for defendant.

Johnson v. Cincinnati.

**SWING, J.**

This is an action in this court on appeal from the court of insolvency. The plaintiffs seek to enjoin the collection of an assessment for a street improvement on Linwood avenue. The ground relied on is that there was not a proper notice given. The property in question belonged to one Kennedy, who died testate, giving a life estate to Anna E. Kennedy and the remainder to Louis B. and Nellie Kennedy. The estate of Louis B. and Nellie Kennedy was purchased by the plaintiffs at judicial sale. The property became delinquent for taxes and was forfeited to the state. Thereupon the treasurer of the county brought an action to sell the property to pay the taxes, and said property under said proceedings was sold to the plaintiffs, by the sheriff on March 4, 1905. This sale was confirmed by the court on April 6, 1905. Two days prior to the confirmation of this sale, to wit, on April 4, 1905, the notice of the improvement, as required by the statute, was served on Anna E. Kennedy, the life tenant.

Was this a good service under the statute? We think it was. Section 2268 (Lan. 3650; B. 1536-258) Rev. Stat., says that special assessments shall be payable by the tenant for life. Evidently the life tenant is the proper person to be served with the notice for the improvement required, for the life tenant is the one charged with its payment.

Section 2304 (Lan. 3603; B. 1536-212) Rev. Stat., should be read in connection with Sec. 2268 (Lan. 3650; B. 1536-258) Rev. Stat., and requires service of notice on the life tenant. It is claimed, however, that when the sale was confirmed by the court and the sheriff's deed made, that the title of the purchaser reverts to the time of the sale. This is a settled principle of the law and is thus stated in the syllabus in the case of *Jashenosky* v. *Volrath*, 59 Ohio St. 540 [53 N. E. Rep. 46; 69 Am. St. Rep. 786]:

"A deed for real estate executed by an officer of a court pursuant to its order confirming a judicial sale previously made takes effect by relation on the day of the sale and vests in the purchaser the right to intermediate rents."

The court say in its opinion, page 545:

"The equity of the rule is manifest because the purchaser cannot escape from the sale because he may think it disadvantageous to him, and he is required to pay interest from the day of sale on so much of the purchase price as he has not actually paid. That the right to the intermediate rents passes to the purchaser as one of the results of confirmation has been held in numerous cases."

This is a fiction of the law founded in equity, and is for the protec-

tion of the purchaser, and goes no further. It does not mean that the purchaser was the owner before the confirmation of the sale.

In the opinion of the court in *Reed* v. *Radigan*, 42 Ohio St. 292, 294, the court say:

"It will be found upon an examination of the authorities; that in states where confirmation is required, the purchaser obtains no vested rights until after the sale is confirmed, and if the confirmation   *   *   * is refused, the rights of the purchaser fall to the ground."

It seems evident therefore that on April 4, 1905, the time when Anna E. Kennedy was served with the statutory notice, she was the owner of the life estate in the property; that she continued to be the owner until April 6, 1905, when the court confirmed the sale, and under the statute she was the proper person to serve and the assessment is not invalid for want of sufficient notice.

**Giffen** and **Smith, JJ.,** concur.